IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN WALLACE | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-16-3534 |
| STATE OF MARYLAND | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

On January 13, 2017, respondent filed an answer to the above-entitled petition for writ of habeas corpus stating that the matter has been rendered moot. ECF 7. This court issued an order to show cause on December 6, 2016 (ECF 5), which also directed the Clerk to provide a copy of the order to petitioner. The copy of the order mailed to petitioner was returned as undeliverable on December 16, 2016. ECF 6.

The petition, filed pursuant 28 U.S.C. §2241, challenged the validity of petitioner's pre-trial incarceration. Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Respondent submits the certified docket entries from the Circuit Court for Baltimore City pertaining to petitioner's criminal case. ECF 7 at Ex. 1. Those docket entries establish that petitioner was detained on July 28, 2016, on charges of robbery and assault. *Id.* Petitioner pled guilty to the second-degree assault charge on December 1, 2016, and was sentenced to serve five years in prison, all suspended but four months and 18 days. *Id.* Petitioner was placed on two-years of probation. *Id.* Subsequent to his guilty plea, petitioner was released from custody. *Id.*

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

Petitioner's release from custody renders his challenge to the validity of his confinement moot. The petition must be dismissed as moot. Additionally, this court declines to issue a certificate of appealability as the claim presented is not one that "deserve[s] encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

A separate order follows.

_Jan 17, 2017_             /s/
Date                                    J. Frederick Motz
                                         United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 JAN 17 AM 11:48
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

2